IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-544-M |
| | ) | |
| CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC., a foreign corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's Motion to Quash or Modify Subpoenas Issued to Third Parties, filed May 17, 2010. On June 7, 2010, plaintiff filed her response, and on June 14, 2010, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Background

This lawsuit arises out of the alleged wrongful termination of plaintiff by defendant. Defendant is a private entity that contracts with correctional facilities throughout the country to provide medical care to inmates. For the period of time relevant to this lawsuit, defendant held a contract with Oklahoma County to provide medical care to the inmates at the Oklahoma County Detention Center ("OCDC").

In 1998, defendant hired plaintiff as a nurse for the OCDC facility. In October 2007, plaintiff was promoted to the Director of Nursing. On September 8, 2008, she was promoted to the position of Health Services Administrator. On or about October 17, 2008, plaintiff's employment with defendant ended. On May 22, 2009, plaintiff filed the instant action.

On April 21, 2010, plaintiff issued subpoenas to: (1) the Oklahoma State Department of Health – Jail Inspector Division; (2) Diamond Pharmacy;[1] and (3) the Oklahoma Board of County Commissioners. On April 26, 2010, plaintiff issued a subpoena to Sheriff John Whetsel. Defendant now moves the Court to modify the subpoenas issued so as to appropriately limit the requests to coincide with the claims and defenses in this case. Additionally, defendant moves the Court to require that any responsive documents be produced subject to a confidential protective order, limiting their use to the claims and defenses in this case.

II.  Discussion

   A.  Requests for communications regarding "any and all medical deficiencies"

Defendant objects to the following four requests in the subpoena issued to the Oklahoma Board of County Commissioners:

> 2. All emails, letters, or other correspondence, Sheriff Whetsel received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding any and all medical deficiencies (at OCDC) found by the state jail inspectors.
>
> 7. All emails, letters, or other correspondence, Major Herron received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding any and all medical deficiencies (at OCDC) found by the state jail inspectors.
>
> 11. All emails, letters, or other correspondence, P.D. Taylor received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding any and all medical deficiencies (at OCDC) found by the state jail inspectors.
>
> 14. All emails, letters, or other correspondence, Capt. Carson received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding any and all medical deficiencies (at OCDC) found by the state jail inspectors.

---

[1] Defendant has no objection to the subpoena issued to Diamond Pharmacy.

Defendant asserts that these four requests are overly broad and not properly tailored to medical information that relates to the specific areas that are of concern to this lawsuit. Specifically, defendant asserts that these requests should be modified to include only the following five specific topics: (1) administration of prescription medications to inmates being discharged from the facility; (2) segregation sheets or SEG sheets; (3) the MAR system; (4) staffing levels of medical staff; (5) topics outlined by the DOJ report.

Plaintiff contends that communications during the five days surrounding plaintiff's termination between the four individuals listed regarding the medical and illegal deficiencies at the facility are relevant and the requests should not be limited in any manner. Plaintiff further contends that there are multiple issues of which she complained and about which she responded to jail inspectors inquiries which are not included in defendant's listing. Plaintiff also asserts that to limit the discovery as requested by defendant would be to limit it to far less than plaintiff's complaints and communications with jail inspectors and the deficiencies which existed.

Having carefully reviewed the parties' submissions, the Court finds that the information requested in the requests for communications regarding "any and all medical deficiencies" is relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Further, the Court finds that these requests are not overly broad. These requests are limited to a five day period surrounding plaintiff's termination, are limited to communications to and from four specified individuals, who were each privy to plaintiff's complaints regarding various medical deficiencies, and are adequately tailored to the issues in this action. Accordingly, the Court finds that the requests for communications regarding "any and all medical deficiencies" should not be modified.

B. Requests for all communications regarding defendant's contract with OCDC

Defendant objects to the following four requests in the subpoena issued to the Oklahoma Board of County Commissioners:

> 3. All emails, letters, or other correspondence, Sheriff Whetsel sent to or received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding Correctional Health Care Management's contract with Oklahoma County Detention Center (hereinafter, "OCDC").
>
> 8. All emails, letters, or other correspondence, Major Herron sent to or received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding Correctional Health Care Management's contract with Oklahoma County Detention Center (hereinafter, "OCDC").
>
> 12. All emails, letters, or other correspondence, P.D. Taylor sent to or received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding Correctional Health Care Management's contract with Oklahoma County Detention Center (hereinafter, "OCDC").
>
> 15. All emails, letters, or other correspondence, Capt. Carson sent to or received from any employee or agent of CHM between October 15, 2008, and October 19, 2008, regarding Correctional Health Care Management's contract with Oklahoma County Detention Center (hereinafter, "OCDC").

Defendant asserts that these requests, as written, go far beyond the claims and defenses in this case. Specifically, defendant asserts that since all communications between defendant's employees and OCDC administrators would necessarily be related to the contract, at least tangentially, plaintiff's request is akin to asking for all communications between defendant and OCDC for the specified period and between the specified individuals. Plaintiff contends that all communications regarding the contract during the time period requested are clearly relevant and

admissible in regard to whether the contract was in jeopardy; the reasons therefore, and the claim that plaintiff was terminated because the contract was in jeopardy.

Having carefully reviewed the parties' submissions, the Court finds that the requests at issue are overly broad and should be modified. Specifically, the Court finds that the requests, as written, encompass all communications between defendant and the specific OCDC administrators. The Court, therefore, finds that the requests should be modified to include only those communications regarding the possible termination/revocation of the contract between defendant and OCDC and/or the contract being in jeopardy.

C.  Requests for inspection reports, write-ups and evaluations from state jail inspectors

Defendant objects to the following requests in the subpoenas issued to Sheriff John Whetsel/Sheriff's Department and to the Oklahoma State Department of Health – Jail Inspector Division:

> John Whetsel/Sheriff's Department
>
> 1. Produce a copy of all inspection reports, write-ups, or other evaluations related to Oklahoma County Detention Center between June 1, 2008 and July 1, 2009.
>
> Oklahoma State Department of Health – Jail Inspector Division
>
> 1. Produce a copy of all inspection reports, write-ups, or other evaluations related to Oklahoma County Detention Center between June 1, 2008 and July 1, 2009.

Defendant moves the Court to limit these requests temporally and substantially. Specifically, defendant asserts that these requests should be limited temporally to coincide with plaintiff's employment as HSA, and to include a reasonable time thereafter, i.e., 3 months, and substantially to only reports and write-ups for issues about which plaintiff knew or complained. Plaintiff

contends that the information sought in these requests is relevant to show that her continued complaints were substantiated and in regard to showing that her termination was retaliatory for bringing attention to the illegal deficiencies.

Having carefully reviewed the parties' submissions, the Court finds that these requests should not be limited temporally but should be limited substantially. Specifically, the Court finds that the temporal scope of these requests is not overly broad; however, the Court finds that substantially, these requests are overly broad. The Court, therefore, finds that these requests should be limited to inspection reports, write-ups, or other evaluations related to medical deficiencies at the OCDC.

### D. Protective order

Finally, defendant requests that any responsive documents be produced subject to a confidential protective order, limiting their use to the claims and defenses in this case. The party seeking a protective order must show "good cause" for his request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Having carefully reviewed the parties' submissions, the Court finds that defendant has not shown good cause for its request. In fact, in its motion, defendant provides no reason why a protective order should be entered in this case. Accordingly, the Court finds that defendant's request for a protective order should be denied.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Quash or Modify Subpoenas Issued to Third Parties [docket no. 23] as follows:

(A) The Court GRANTS the motion as to the requests regarding communications regarding defendant's contract with OCDC and FINDS that said requests should be modified to include only those communications regarding the possible termination/revocation of the contract between defendant and OCDC and/or the contract being in jeopardy;

(B) The Court GRANTS the motion as to the requests for inspection reports, write-ups and evaluations from state jail inspectors and FINDS that said requests should be limited to inspection reports, write-ups, or other evaluations related to medical deficiencies at the OCDC; and

(C) The Court DENIES the motion as to the requests for communications regarding any and all medical deficiencies and to defendant's request for a protective order.

**IT IS SO ORDERED this 2nd day of July, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE